## HENRY HALLSTROM *vs.* LONSDALE COMPANY.

### JULY 9, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) *Negligence. Implied Invitation. Hidden Danger.*
In a personal injury action where there was evidence upon which the jury might have found that plaintiff at about the time of the accident was upon the premises of defendant, assisting in some work which his employer had contracted to perform for defendant, and that as a necessary incident of the work plaintiff went from time to time into the machine shop under such circumstances as would constitute an implied invitation from defendant, and that defendant had not used reasonable care to warn plaintiff of a hidden danger which was known to defendant, but of which plaintiff was ignorant, by reason of which plaintiff was injured, which facts would have justified them in finding defendant negligent, the action of the trial court in directing a verdict for defendant was error.

VINCENT, J., dissenting.

TRESPASS ON THE CASE for negligence. Heard on exceptions of plaintiff and sustained.

SWEETLAND, J. This is an action of trespass on the case to recover damages for the alleged negligence of the defendant. The case was tried before a justice of the Superior

Court sitting with a jury. At the conclusion of the evidence on motion of the defendant said justice directed a verdict in its favor. To this ruling of said justice the plaintiff excepted and the case is before us upon said exception.

There was evidence upon which the jury might have found that the plaintiff at about the time of the accident was upon the premises of the defendant, assisting in doing certain work which the employer of the plaintiff had contracted to perform for the defendant; that as a necessary incident of the work in which he was engaged for the benefit of the defendant the plaintiff went from time to time into one of the rooms of the defendant's factory, which room was known as the machine shop; that at the time of the accident he was in said machine shop in such circumstances as would constitute an implied invitation from the defendant to him to be there. Upon the evidence the jury would also have been at liberty to find that the defendant had not used reasonable care to warn the plaintiff of a hidden danger in said shop which was known to the defendant; but of which the plaintiff was ignorant, by reason of which hidden danger the plaintiff was injured. If the jury should find these facts in favor of the plaintiff they would be justified in finding the defendant guilty of negligence.

The ruling of said justice was erroneous. The plaintiff's exception is sustained. The case is remitted to the Superior Court for a new trial. Vincent J. dissents.

*John P. Brennan, Augustine H. Downing,* for plaintiff.
*Walter P. Suesman, Joseph McDonald,* for defendant.